IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                    Case No.  4:12-cr-00143-Dft. No. 4-KGB

LAREKA S. LAWS                                                                    DEFENDANT

## ORDER

Before the Court is defendant Lareka S. Laws's motion for judgment of acquittal (Dkt. No. 222) to which the government has responded (Dkt. No. 225).  Lareka Laws argues that the reasons justifying a judgment of acquittal on her behalf are threefold:  (1) the documents introduced as evidence by the government provided reasonable doubt in and of themselves; (2) the government failed to establish a *prima facie* case-in-chief; and (3) the government had to prove the fraud in which Lareka Laws allegedly engaged was material but failed to do so through the government's own proof which showed a lack of materiality.

When ruling on a  motion for judgment of acquittal,  the Court must view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government and giving the government the benefit of all reasonable inferences that may be drawn from the evidence.  *United States v. Holm,* 836 F.2d 1119, 1122 (8th Cir.1988).  The jury, not the court, has the duty and the authority to resolve conflicts in the testimony and to judge the credibility of witnesses.   *United States v. Weaver,* 554 F.3d 718, 721 (8th Cir.2009). Accordingly, this Court may not overturn a guilty verdict based on credibility determinations. *Id.; United States v. Cole,* 380 F.3d 422, 425 (8th Cir.2004).   This Court may overturn a guilty verdict only if no reasonable jury could conclude that the government has proven all of the elements of the crime beyond a reasonable doubt.  *Id.*

The jury convicted Lareka Laws on two counts of making or presenting, or causing to be made or presented, to the Internal Revenue Service ("IRS") claims against the United States for payment which she knew to be false, fictitious, or fraudulent and one count of conspiracy to commit the same with regard to approximately 250 income tax refunds. Lareka Laws in her motion for acquittal argues that the government's proof consisted of county assessor records and picture-taking and that it did not include title work or contact with all of the individuals listed on the approximately 250 tax returns or all of the individuals who might own pieces of real estate involved.

In regard to Lareka Laws's arguments that the government's documents provide reasonable doubt as to her guilt and that the government failed to prove its *prima facie* case-in-chief, Lareka Laws notes that one logical, reasonable inference from the filing of these returns is that a person or persons filed them with the intent to claim a tax credit, keep the money, and not buy a home with it or pay it back. She notes that this would be fraud but claims that other logical, reasonable, inferences include: (1) that purchases were attempted but failed, (2) that purchases were made but involved the creation of trusts or corporate stock share transfers or somehow ended up within an estate, or (3) that individuals thought they understood what was involved in this brand-new tax credit but learned otherwise after the return was filed or after the refund was received.

The government counters that, as to Count Two, Martha Atkinson testified she did not purchase the house listed on the First Time Homebuyer's Credit ("FTHBC") form and did not represent that her house was worth approximately $70,000. The government goes on to note that

Latecia Grant testified she provided Ms. Atkinson's information to Lareka Laws but did not provide dates of purchase for the FTHBC form to Lareka Laws.

As to Count Five, Tomeka Williams admitted her tax return was false, that Lareka Laws filed it, and that Ms. Williams did not know she had filed and received the FTHBC until after the IRS investigation was underway.

Regarding the conspiracy alleged in Count One, the government argues that the testimony provided by Ms. Williams, Ms. Atkinson, Ms. Grant, Rosemary Anderson, Teneshia Roberts, and Debra Thomas, combined with the other evidence submitted by the government, could lead a reasonable jury to believe that Lareka Laws is guilty of the conspiracy count beyond a reasonable doubt.  Specifically, the government notes that Ms. Roberts testified that she brought the personal information of approximately 20 individuals to Lareka Laws for the purpose of filing FTHBC claims and that Lareka Laws received approximately $20,000 from Ms. Roberts.  The government notes that Ms. Roberts testified she never told Lareka Laws that the individuals had purchased houses, did not provide dates of purchase for the houses, and saw Lareka and Brenda Laws filing tax returns from their home.  Ms. Roberts further testified that she provided the personal information of Ms. Thomas to Lareka Laws.  Ms. Thomas testified that she did not purchase a house and was not aware of the FTHBC claim made in her name.

Ms. Grant testified that she gave Lareka Laws $4,000 for filing her tax return and three other returns, that she did not tell Lareka Laws that she or the three others had purchased a house, and that she did not provide Ms. Laws dates of purchase.  The government argues that the exorbitant amount of money, about $1,000 per return, paid to Lareka Laws for preparing three- to four-page tax returns supports the jury's finding that Lareka Laws had knowledge of the falsity of the tax returns.

In addition to the testimony noted above, the government presented evidence that the tax returns were filed from Lareka and Brenda Laws's residence; that Lareka Laws received the tax refunds of Edward Jackson, Sr., and Christopher Robinson in her bank account; that Lareka Laws attempted to receive the tax refund of Severin McCoy into a bank account that she shared with Joycette Laws; and that 89% of the tax returns filed from Lareka and Brenda Laws's house reported that the taxpayers who had no income claimed to have purchased a house that cost approximately $70,000.

The Court finds, given this and all the other evidence presented at trial, the jury had sufficient evidence to convict Lareka Laws on Counts Two and Five of making or presenting, or causing to be made or presented, to the IRS claims against the United States for payment which she knew to be false, fictitious, or fraudulent. The Court also finds, given this and all the other evidence presented at trial, the jury had sufficient evidence to convict Lareka Laws on Count One of conspiracy to defraud the United States.

Lareka Laws argues in the alternative that, if the jury was reasonable to find fraud, that the government did not prove materiality. "[W]e think that a statement is material if it has a tendency to induce the government to act, and that this requirement is certainly satisfied by a statement that is adequate to induce the agency to make a decision whether or not to pay. What makes a statement material is that it is required to put the claimant in a position to receive government benefits, whether rightfully or wrongfully." *U. S. v. Adler*, 623 F.2d 1287, 1291 (8th Cir. 1980). Lareka Laws argues that, because some of the forms only include information like the name of the street or a P.O. Box in lieu of a mailing address, the fraudulent tax returns did not induce action on the part of any IRS personnel. As the government summarizes Lareka Laws's argument, defense counsel argues that the false statements in the tax returns were not

4

material because the IRS did not discover the fraudulent nature of the filings prior to the refunds being issued. The government responds that, by filing these tax returns requesting the FTHBC, Lareka Laws induced the government to issue payments to taxpayers which improperly included a FTHBC. Furthermore, the IRS ultimately discovered the fraudulent nature of the filings, denied the FTHBC claims, and referred the matter for criminal investigation and prosecution. This Court agrees that submission of false or fraudulent FTHBC forms which induces the government to make payments it would not otherwise make is material and that the jury had sufficient evidence to find these FTHBC submissions were material.

Accordingly, Lareka Laws's motion for judgment of acquittal is denied (Dkt. No. 222).

SO ORDERED this 2nd day of July, 2014.

_____
Kristine G. Baker
United States District Judge